

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-26-00105-CR

———————————————

CODY DALE RUSHING, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 271st District Court
Jack County, Texas
Trial Court No. 5111

Before Bassel, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant Cody Dale Rushing attempts to appeal from his burglary conviction. The trial court has certified, however, that this "is a plea-bargain case, and the defendant has NO right of appeal."[1]  *See* Tex. R. App. P. 25.2(a)(2), (d) (requiring the trial court to enter a certification clarifying the defendant's right of appeal).

We called this issue to Rushing's attention and warned him that we could dismiss his appeal unless, by April 9, 2026, he or another party showed grounds for continuing it.  *See* Tex. R. App. P. 25.2(d), 44.3.  We have received no response.

Thus, in accordance with the trial court's certification, we dismiss Rushing's appeal.  *See Dingler v. State*, No. 02-25-00458-CR, 2026 WL 253445, at *1 (Tex. App.—Fort Worth Jan. 30, 2026, no pet.) (per curiam) (mem. op., not designated for publication); *Joseph v. State*, No. 02-25-00335-CR, 2025 WL 2942406, at *1 (Tex. App.—Fort Worth Oct. 16, 2025, no pet.) (mem. op., not designated for publication); *see also* Tex. R. App. P. 25.2(d), 43.2(f).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  May 21, 2026

---

[1]Generally, in a plea-bargain case, a defendant has a limited right of appeal.  *See* Tex. Code Crim. Proc. art. 44.02; Tex. R. App. P. 25.2(a)(2).  However, Rushing's signed plea-bargain paperwork confirms that he "waive[d] . . . all rights of appeal."